IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01089-RM-MEH

FEDERICO MEJIA,

    Plaintiff,

v.

MIDLAND FUNDING LLC,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's [Opposed] Motion to Set Aside Entry of Default ("Motion") [filed July 7, 2015; docket #9] filed by Defendant Midland Funding ("Midland") pursuant to Fed. R. Civ. P. 55(c) in response to the Clerk's Entry of Default [docket #8]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for disposition. Docket #11. For the reasons stated herein, the Motion is **granted**.

## BACKGROUND

    Plaintiff Federico Mejia is a natural person and "consumer," as defined by 15 U.S.C. § 1692a(3). Docket #1 ¶¶ 1, 4-5. Defendant Midland is a "debt collector" agency, as defined by 15 U.S.C. § 1692a(6), and is licensed as a collection agency by the State of Colorado. *Id.* ¶¶ 1, 6-8, 12. Plaintiff alleges that sometime before April 28, 2015, Plaintiff had incurred financial debt that was "assigned by the original creditor to the [Defendant] for collection after the [Plaintiff] was in default." *Id.* ¶ 14. Plaintiff further alleges that Defendant submitted a State court action seeking $4,690.90 from him, which he alleges included $199.85 in court costs. *Id.* ¶¶ 17, 22. Plaintiff

claims that when he telephoned Defendant to inquire about the amount of the debt, Defendant falsely and in a misleading manner represented that Plaintiff owed court costs (when no judgment had been entered), could not dispute the debt unless he had a reason to do so, and that any dispute would have to be in writing. *Id*.  ¶¶ 18-34. Plaintiff brought the instant action, alleging that the Defendant had violated the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692, and seeking monetary damages. *Id.* ¶¶ 48-52.

Defendant's registered agent was served with Plaintiff's Complaint on June 2, 2015. Docket # 7, ¶ 2.  However, Defendant's current Motion asserts that counsel never received the Complaint. Docket #9 at 1.

> For reasons that cannot be explained except by reason of human error, Defendant's legal department never received notice that Defendant had been served with the Complaint.  It appears that notice of service was received by Defendant but never forwarded to either internal or external legal counsel.  Therefore, neither Defendant's internal nor external counsel were aware that the Complaint had been served.

*Id*.

When Defendant had not filed an answer or otherwise defended in a timely manner, Plaintiff filed a Motion for Entry of Default pursuant to Fed. R. Civ. P. 55.  Docket #7.  Thereafter, the Clerk entered default against Defendant on July 2, 2015.  Docket # 8.  Two business days later, Defendant filed a Motion to Set Aside Entry of Default on July 7, 2015, indicating that Plaintiff opposes the Motion.  Docket #9.

## DISCUSSION

In the interest of justice, courts prefer that disputes be resolved on their merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).  Fed. R. Civ. P. 55(c) provides that "for good cause shown the court may set aside an entry of default."  The good cause standard is liberal in that default

judgments are not favored by the courts. *Katzson Bros., Inc. v. United States*, 839 F.2d 1396, 1399 (10th Cir. 1988). Relief from an entry of default will be granted more readily and with a lesser showing than in the case of a default judgment; the good cause standard necessary to set aside a default is a lesser standard than the excusable neglect standard necessary to set aside a default judgment. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). Three factors are considered in determining "good cause" under Rule 55©: (1) whether the default was willful or culpable; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party who secured the entry of default. *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished table opinion) (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)). Although the Defendant's conduct in this case is not to be encouraged, the Defendant has nevertheless demonstrated good cause to set aside the entry of default.

First, Defendant's default was not the result of culpable conduct. A defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *U.S. v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993). A default that results from inadvertence is not culpable. *Id.*; *see also School-Link Technologies, Inc. v. Applied Resources, Inc.* 471 F. Supp. 2d 1101, 1119 (D. Kan. 2007) (setting aside an entry of default that resulted from inadvertence).

While Defendant acknowledges that its behavior was not as diligent as it should have been, it did not intentionally ignore the summons. Rather, Defendant argues that its default was the result of a failure of internal operations. Moreover, the fact that Defendant moved to set aside the default only two business days (given the Fourth of July holiday when the courts and most businesses were

closed on Friday, July 3, 2015) after it was entered indicates that the Defendant was not willfully ignoring the lawsuit or this court's authority.

Second, Defendant can present at least two meritorious defenses to Plaintiff's claim. A defense is deemed meritorious if it would constitute a complete defense when established at trial. *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Here, Defendant proffers two different defenses, either of which would constitute a complete defense to the alleged FDCPA violations. First, Defendant denies that its employees made the alleged statements that would constitute FDCPA violations. Second, Defendant alleges a "bona fide" error defense. The FDCPA provides that a debt collector is not liable under the statute if "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006)

In support of these defenses, Defendant has submitted a sworn affidavit from its Corporate Counsel. Docket # 9-1. The Court notes that Defendant need not *prove* its defenses at this stage; rather, a defendant need show only that its allegations, if true, constitute a defense under Fed. R. Civ. P. 60(b). *See generally In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) ("the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense"). If proven at trial, the defenses proffered by Defendant would constitute valid defenses to the allegations; thus, the Defendant has demonstrated that it can present meritorious defenses.

Finally, setting aside the default will not prejudice the Plaintiff. Plaintiff has made no showing of prejudice in this instance. Moreover, Defendant filed its Answer to the Complaint on

July 7, 2015, the same day it filed the current Motion and only one week after its response originally would have been due. Docket #10. This delay cannot have hindered Plaintiff in his ability to pursue the claim due to loss of evidence or otherwise. As such, setting aside the default will not prejudice the Plaintiff.

## CONCLUSION

The Court concludes that Defendant has satisfied the liberal requirements under Rule 55(c) to support setting aside the entry of default. Accordingly, based on the foregoing and the entire record herein, I **order** that Defendant Midland Funding's Motion to Set Aside Entry of Default [filed July 7, 2015; docket #9] is **granted**. The Clerk of the Court shall set aside its entry of default in this matter.

Entered and dated at Denver, Colorado, this 9th day of July, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge